# In the United States Bankruptcy Court
## for the Southern District of Georgia

In the matter of: )  Chapter 13 Case
MELONY RENEE SPIVEY )
 )  Number 10-21524
 )
Debtor(s)  "Amended"

### CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ __110.00 Monthly__ for the applicable commitment period of:

   ☐ 60 months: **or**  (If applicable include the following): These plan payments
   ☒ a minimum of 36 months. § 1325(b)(4).  change to $ _____ monthly on _____, 20___.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ __2,500.00__ to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   |  |  |  |

   **IN THE ALTERNATIVE:**
   ☒ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | Chase Home Finance | $740.00 |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | United Community Bk | 1999 Mazda 626 | $2,060.17 | 4.5% | $38.41 |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   |  |  |  |  |  |

   Payment amount is estimated because the claims are estimated. It will be adjusted accordingly to the actual allowed claims. After confirmation and adequate protection payments, secured creditors will be paid pro rata with administrative claims based on the availability of funds.

(g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

<u>CREDITOR</u>                                                                    <u>ESTIMATED PRE-PETITION CLAIM</u>

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % ☐ without interest.

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶ 2(f) or 6, will be paid a 1_____% dividend or a prorata share of $ 194.40_____, whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:   ☐ Direct to the Creditor; or   ☒ To the Trustee

<u>CREDITOR</u>                                                                    <u>ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT</u>
United Community Bank                                                             $20.60

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

<u>CREDITOR</u>                                                                    <u>ADDRESS</u>

5. Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

<u>CREDITOR</u>                                                                    <u>PROPERTY</u>

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

<u>CREDITOR</u>              <u>DESCRIPTION OF COLLATERAL</u>              <u>AMOUNT OF CLAIM SATISFIED</u>

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions:

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Dated 12/30/2010                                                          /s/ Melany Konge Spivey
                                                                                    _Debtor_

                                                                                    _Debtor_

Revised 10/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | Chapter 13 Bankruptcy |
| | ) | Case No. 10-21524 |
| MELONY RENEE SPIVEY, | ) | |
| | ) | |
| Debtor. | ) | |

## VERIFICATION

Personally appeared before the undersigned attesting officer who, after being duly sworn, deposes and says that the facts recited in the foregoing **1st AMENDED CHAPTER 13 PLAN AND MOTION** are true and correct to the best of her knowledge.

/s/ MELONY RENEE SPIVEY, Debtor

Sworn to and subscribed before me
this the 30th day of December, 2010.

/s/ Lori Sharee Murray
Notary Public
My Commission Expires: September 20, 2011

*The signatures represented by "/s/" on this document conform to the original signatures on the paper version maintained by the filing user.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | Chapter 13 Bankruptcy |
| | ) | Case No. 10-21524 |
| MELONY RENEE SPIVEY, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with the foregoing **1st AMENDED CHAPTER 13 PLAN & MOTION** by placing a copy of the same in an envelope in the United States Mail with sufficient postage affixed thereon to assure delivery to:

M. Elaina Massey
Chapter 13 Trustee
Post Office Box 1717
Brunswick, GA 31521

This 30th day of December, 2010.

**/s/ Robert H. Baer**
Attorney for Debtor
GA Bar No. 030950

Post Office Box 1792
400 "G" Street
Brunswick, Georgia 31521-1792
(912) 264-3120 Telephone
(912) 265-8337 Facsimile

*The signatures represented herein by "/s/" on this document conform to the original signatures on the paper version maintained by the filing user.*